# Krall, Appellant, v. Krall.

*Practice, C. P.—Trial—Charge of court—Quoting testimony—
Erroneous statement in charge—Ejectment—Notary public.*

Where the trial judge in an action of ejectment in which deeds
are challenged as forgeries, charges the jury that the notary public
who took the acknowledgments to the deeds in question testified
that she saw the grantor sign them, whereas the notary public
only testified to the genuineness of her own signature as an attest-
ing witness and to the notarial certificates and only testified that
she "supposed" the grantor signed them, and it appears that the
notary was not acquainted with the persons whose signatures
were in question and only knew them by their being identified
when the acknowledgments were taken ten years prior to the trial,
such instructions constitute reversible error.

Argued Oct. 21, 1912.  Appeal, No. 16, Oct. T., 1912,
by plaintiff, from judgment of C. P. No. 3, Allegheny Co.,
August T., 1906, No. 807, on verdict for defendant, in
case of Elmira C. Krall v. George L. Krall.   Before
FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCH-
ZISKER, JJ.   Reversed.

Ejectment for a lot of ground in the eleventh ward of
the City of Allegheny.  Before KENNEDY, P. J.

Verdict and judgment for the defendant.   Plaintiff
appealed.

The facts appear in the opinion of the Supreme Court.

*Error assigned,* among others, was to the charge of
the court as set forth in the opinion.

*F. C. McGirr,* with him *John Marron,* for appellant.

*Thomas F. Garrahan,* with him *Langfitt & McIntosh,*
for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1913:
We are compelled to sustain the seventh and tenth

assignments of error. The learned court was clearly in error in instructing the jury that the notary public testified she saw Mrs. Krall sign the deed of January 31, 1901, and actually took her acknowledgment, and that she saw John W. Krall execute the deed of the same date conveying his interest in the premises in dispute to his two brothers. The execution and delivery of these deeds and the estate they conveyed are the controlling questions in the case. Mrs. Krall denies that she signed or executed the deed and declares that it is a forgery. She also testifies that the signature of John W. Krall, her son, to the other deed is not genuine, is not his signature. He is dead. The importance of the testimony of the notary public who witnessed the signatures of these deeds and took the acknowledgments is apparent. The notary testified to the genuineness of her signature as an attesting witness and to the notarial certificates. When asked whether she knew whether Mrs. Krall signed the deed in her presence she replied: "Well, I suppose she did." The notary also testified that her signature as a subscribing witness and to the notarial certificate of the acknowledgment of the John W. Krall deed was genuine. She was then asked if she had any recollection of placing her signature to the deed and replied: "It has been quite a long time ago; I have it on my books." On cross examination she testified that she was not personally acquainted with either Mrs. Krall or John W. Krall, and that she only knew them by being identified by somebody who brought them to her office and said they wanted to have the acknowledgments taken.

The language used in stating the notary's testimony, by the learned trial judge contained in the seventh and tenth assignments, was repeated in other parts of the charge. The jury would naturally give great weight to the testimony of the notary, and when told by the court that the notary testified these parties had actually executed and acknowledged the deeds, they would regard it

as conclusive of the fact, notwithstanding the witness's uncertainty as to the identification of Mrs. Krall and the latter's positive denial that she and her son did sign the deeds. These deeds had been executed ten years prior to the time of the trial of the cause, and it is not singular that the notary, having had no personal knowledge of Mrs. Krall or her son, John W., was unable to testify positively that they did sign or acknowledge the deeds. At all events, the importance of this testimony required the learned judge to state it accurately if he attempted to tell the jury what it was.

We will not dispose of the other assignments as they raise questions which will depend upon the testimony introduced at the next trial. It is not easy to determine exactly the position of the plaintiff or the defendant on the former trial. In the statement the plaintiff claims the fee in both lots, but if her deed is sustained, she is entitled to the undivided one-half interest in the two lots. On the trial of the cause she claimed she was entitled to the fee of one of the lots and to a life estate in the other lot. In the statement she further alleges that she was fraudulently induced to and did execute the deed, and in her testimony she testified that she did not execute the deed.

The defendant's position was equally indefinite and uncertain. Whether the defendant relies upon the writings themselves to show an intent on the part of Mrs. Krall to grant her entire interest in the lots is not entirely clear; and what he alleges as the basis of the right to reform Mrs. Krall's deed does not sufficiently appear. Whether the defendant relies upon a mistake of the scrivener in preparing Mrs. Krall's deed or upon a latent ambiguity therein cannot be definitely ascertained from his printed brief. If he claimed the scrivener made a mistake in describing the interest conveyed as the undivided one-half of the grantor's estate instead of the grantor's entire interest in the property, he should have established by clear, precise and indubitable evi-

dence the prior oral agreement of the parties in conformity to which he seeks to reform the deed. If the agreement was made at the alleged family meeting, he should have developed fully all the facts at that meeting. The scrivener testified but not sufficiently full and clear as to what occurred on that occasion. George L. Krall, the defendant, was present and testified on the trial but was not interrogated as to what occurred at that meeting. The record does not disclose why if this was the time at which the prior agreement was made between the parties, counsel did not examine his client fully as to what occurred. The establishment of the alleged antecedent oral contract was vitally important to the defendant's case, if he intended to reform his deed on the ground of the mistake of the scrivener.

If Mrs. Krall conveyed to her two stepsons all her interest in the two lots by the deed of January 31, 1901, the plaintiff has no case, and whether she did so or not, depends upon whether she executed the deed and whether she intended to convey her whole interest in the lots.

If the defendant, on the next trial, relies on the execution and delivery of the agreement between Mrs. Krall and her husband as to lot 74, notice should be given the plaintiff to produce the agreement at the trial. There was sufficient evidence to go to the jury as to the plaintiff having possession of the agreement, if there was one, and if the defendant expects to rely upon the existence of such an agreement as part of his defense on the next trial he should conform to the well established rule and give notice to the plaintiff to produce it. This will avoid an important question raised upon the former trial.

Assignments seven and ten are sustained and judgment is reversed with a venire facias de novo.